Entered on Docket
November 05, 2013
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

The following constitutes
the order of the court. Signed November 5, 2013

_____
M. Elaine Hammond
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                                            Case No. 10-49932 MEH

TAMARA TAYLOR REEDER,                                            Chapter 13

                     Debtor./

MEMORANDUM DECISION

     Ron Eichman (the "Secured Creditor") filed a Motion for Order Confirming Absence of Automatic Stay (the "Motion") as to Secured Creditor's interest in Debtor's residence in Oakland, California (the "Residence"), pursuant to § 362(j) of the Bankruptcy Code.[1] Tamara Taylor Reeder (the "Debtor") filed her chapter 13 bankruptcy case on August 30, 2010. The Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

     The Court held a hearing on Secured Creditor's Motion on October 10, 2013 and took the matter under submission. Based on consideration of the parties' pleadings and oral arguments, the Court finds that the automatic stay does not apply in this Chapter 13 case as to Secured Creditor's foreclosure proceedings against the Residence.

---

[1] 11 U.S.C. §§ 101, *et seq.*, hereinafter "Bankruptcy Code."

**1. Secured Creditor Has Standing to Bring this Motion**

Debtor argues that Secured Creditor does not have standing to pursue this motion against Debtor as he is not a creditor on the loan obligation. *Debtor's Response to Creditor Ron Eichman's Motion for Order Confirming Absence of Automatic Stay* at 4. According to Debtor, the actual creditor is PLM Lender Services, Inc., as trustee for the benefit of the seven parties listed in the Deed of Trust. *Id.* at 5. In response, Secured Creditor argues that he has standing to bring this Motion because it is "well settled in California that any of several beneficiaries under a deed of trust may foreclose," citing *Perkins v. Chad Development Corp.*, 95 Cal. App. 3d 645 (1979). *Reply Memorandum of Points and Authorities in Support of Creditor Ron Eichman's Motion for Order Confirming Absence of Automatic Stay* at 4.

Under Bankruptcy Code § 362(j), a "party in interest" may request that the court issue an order under § 362(c) confirming that the automatic stay has been terminated. A party in interest, with respect to a motion under § 362, "is whoever is entitled to enforce the obligation sought to be enforced" under relevant substantive law. *In re Jacobson*, 402 B.R. 359, 366 (Bankr. W.D. Wash. 2009). Broadly, a "party in interest" can include "any party that has a pecuniary interest in the matter, that has a practical stake in the resolution of the matter, or that is impacted by the automatic stay." *In re Rozier*, 2013 WL 4428808 (B.A.P. 9th Cir. 2013). Under California Law, a "trustee, mortgagee or beneficiary or any of their authorized agents" is entitled to enforce the note through a non-judicial foreclosure proceeding. Cal. Civ. Code § 2924(a)(1) (2013). Under the Deed of Trust recorded on February 15, 2008, Secured Creditor is a named beneficiary. *See Declaration of Ron Eichman*, Exhibit A. Secured Creditor has a pecuniary interest in the outcome of this matter, as well as a practical stake in its resolution. Consequently, the Court finds that Secured Creditor has standing to bring this Motion.

**2. Secured Creditor Received Neither Actual Notice nor Constructive Notice of the Bankruptcy Prior to Confirmation of the Plan**

Due process requires notice of bankruptcy proceedings that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010).

2

Debtor argues that Secured Creditor received either actual or constructive notice of Debtor's bankruptcy through the Chapter 13 trustee's November 12, 2010 Notice of Hearing Regarding Trustee's Motion to Dismiss Chapter 13 Case and the February 15, 2011 Notice of Confirmation Hearing Date, Time and Location. *Response* at 5-6. Secured Creditor argues that both of the Chapter 13 trustee's misaddressed notices were insufficient as notice of the bankruptcy case. *Reply* at 4-5.

Both of the notices sent by the Chapter 13 trustee were addressed to Mr. Eichman's name, at the address of Mr. Eichman's attorney in a related state court action, without any reference to the attorney or firm. According to the Declaration of Michael Adams, Mr. Eichman's attorney in that action, the his office building is a seven story building with multiple suites on each floor. Mr. Adams further attested that he would have recognized any letter delivered to his office with Mr. Eichman's name, but that any mail addressed as it was would likely never have reached his office. *Declaration of Michael Adams in Support of Creditor Ron Eichman's Motion for Order Confirming Absence of Automatic Stay* at 3. The Court finds Mr. Adams' testimony persuasive.

It appears unlikely that the notices provided by the Chapter 13 trustee could have plausibly reached Secured Creditor's attorney. Consequently, this Court finds that Secured Creditor was not given sufficient actual or constructive notice of Debtor's bankruptcy case to satisfy due process requirements. This is consistent with other courts that have found notice to be insufficient in similar circumstances. *See, e.g. In re Faden*, 170 B.R. 304, 308 (Bankr. S.D. Tex. 1994) *subsequently aff'd sub nom. Matter of Faden*, 96 F.3d 792 (5th Cir. 1996) (due process not satisfied where notice was sent to the wrong suite in a large building and the building had no apparent system in place that would reliably result in incorrectly addressed mail reaching its addressee).

**3. Debtor's Confirmed Plan does not Include Secured Creditor's Claim**

Generally, the provisions of a confirmed plan are binding upon a creditor "whether or not the claim of such creditor is provided for by the plan and whether or not such creditor has objected to, has accepted, or has rejected the plan." Bankruptcy Code § 1327. However, "[a]lthough a secured creditor is bound by the plan, this does not mean that a debtor can void or otherwise extinguish a creditor's lien without addressing the lien

3

in the plan." *In re Shook*, 278 B.R. 815, 824 (B.A.P. 9th Cir. 2002). In the Ninth Circuit, "a plan can effectively determine value and/or avoid a lien only if the creditor receives *clear notice* that the plan will do so. A plan that is silent about the fate of a secured claim provides no notice of what will happen to the secured claim and therefore cannot effectively avoid a lien or determine its value." *Id.* (*emphasis added*).

Here, in addition to the due process issues related to the ineffective notice, Debtor's plan omitted Secured Creditor's lien on the Residence. Given the emphasis on due process in Ninth Circuit case law in considering the rights of secured creditors in the chapter 13 confirmation process, and in light of the facts of the case, the Court finds that Secured Creditor's claim passes through the bankruptcy case notwithstanding the discharge injunction.

**4. Application of the Automatic Stay**

Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor. 11 U.S.C. § 1327(b). Under § 362(c), the stay of an act against property of the estate under § 362(a) continues until such property is no longer property of the estate. Here, the plan provides for revesting of property in the debtor. Arguably, the stay no longer applies.

More clearly, the plan revests the property in the Debtor but does not provide for the claim. Thus, Secured Creditor's interest is not adequately protected, and relief from stay is appropriate. Accordingly, Secured Creditor will be granted relief from stay to pursue foreclosure.[2]

Contemporaneously herewith, the court will issue an order consistent with this decision.

**END OF MEMORANDUM DECISION**

---

[2] At the hearing, Secured Creditor requested that this Motion be treated as a Motion for Relief from the Stay pursuant to the Court's equitable powers under 11 U.S.C. § 105(a).

4

COURT SERVICE LIST

Tamara Taylor Reeder
5632 Weaver Place
Oakland, California 94619

Bank of America, N.A.
2380 Performance Drive
Richardson, Texas 75082

East Bay Funding
c/o Resurgent Capital Services
P.O. Box 288
Greenville, SC 29603

Grace Feldman
c/o Law Offices of Austin P. Nagel
111 Deerwood Road, #388
San Ramon, California 94583

GE Money Bank
c/o Recovery Management Systems Corp.
25 SE 2nd Avenue, Suite 1120
Miami, Florida 33131

Jefferson Capital Systems LLC
P.O. Box 7999
St. Cloud, MN 56302

Real Time Resolutions, Inc.
1349 Empire Central Drive, Suite 150
P.O. Box 36655
Dallas, Texas 75247